IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00064-WYD-MEH

PAUL ANTHONY ROSS,

    Plaintiff,

v.

CAPT. J. SCOTT GIBSON (Individually),
LT. RAYMOND COLE (Individually),
CAPT. MISTY LOGAN (Individually)
MAJOR MARK BROADDUS (Individually),
LT. MICHELE LAPORTE (Individually), and
ASST. WARDEN CAROL SOARES (Individually),

    Defendants.

## RECOMMENDATION FOR DISMISSAL

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

    This matter is before the Court on the Defendants' Motion to Dismiss. This case has been referred under the Order of Reference to Magistrate Judge, filed on June 8, 2006, pursuant to 28 U.S.C. § 636(b)(1)(A)&(B) and Fed.R.Civ.P. 72(a) and (b), for purposes of a recommendation on dispositive matters, such as the motion currently before the Court, and ruling on nondispositive matters. For the reasons stated below, it is **recommended** that the Motion to Dismiss be **granted**, resulting in the case being dismissed in its entirety.

    All parties are advised that they shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo

determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

Under his Complaint, filed on January 13, 2006, Plaintiff alleges violations of his constitutional rights pursuant to 42 U.S.C. § 1983. In three separately designated claims, the Plaintiff asserts that he was invidiously discriminated against and was denied due process in a disciplinary proceeding. He seeks money damages.

The Defendants have challenged the Plaintiff's claims in their Motion to Dismiss, arguing that the Plaintiff has failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"). Defendants acknowledge that the Plaintiff exhausted his remedies with regard to the disciplinary conviction but has failed to exhaust his remedies with regard to the claims of constitutional violation he brings in this lawsuit. Additionally, the Defendants argue that the Plaintiff has failed to allege discrimination claims, and that with regard to the violations of due process which are alleged, the Plaintiff cannot establish damages. By Minute Order entered on June 12, 2006, the Plaintiff was directed to file a response to the Motion to Dismiss on or before June 28, 2006 (Docket #19). No response has been filed, and the Plaintiff has not requested an extension of time in which to do so.

**DISCUSSION**

**I.      Defendants' Motion To Dismiss.**

**A.      Standard of Review.**

A dismissal for failure to state a claim under Rule 12(b)(6) is appropriate only when it is apparent that a plaintiff can prove no set of facts which would entitle him to relief. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). In evaluating a 12(b)(6) motion to dismiss, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The issue in reviewing the sufficiency of a plaintiff's Complaint is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *(*overruled on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed.R.Civ.P. 8(a); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

**B.      Exhaustion of Administrative Remedies.**

The Plaintiff's Complaint is governed by the PLRA, which provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Exhaustion is a pleading requirement, rather than an affirmative defense. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). With regard to his claims, Plaintiff has attached to his Complaint his inmate appeal forms concerning his disciplinary conviction and his administrative segregation placement, to evidence his attempts at administrative exhaustion. *See* COMPLAINT, Docket #3. It is undisputed that the inmate appeal is the only attempt at exhaustion that the Plaintiff has made. *See* SHOW OF CAUSE, Docket #6. Plaintiff contends that because the matter concerns the disciplinary process, it is not grievable *Id*. at p. 2. While the Plaintiff is correct in that "Code of Penal Discipline convictions, administrative segregation placements, and decisions of the Reading Committee have exclusive appeal procedures," and therefore cannot be grieved,[1] Plaintiff has filed this lawsuit and seeks redress based on allegations of his constitutional rights being violated -- not as a challenge to or appeal of his disciplinary conviction. CDOC Regulation 850-04 provides that the grievance system can be invoked "in a broad range of complaints including, but not limited to: . . . , actions by employees and offenders, and incidents occurring within the institution that affect the offender personally." *See* CDOC Administrative Regulation 850-04, § IV(B)(1)(b). Therefore, an avenue of administrative remedy was available to the Plaintiff with regard to his claims that his

---

[1]This Court may take judicial notice of court documents and matters of public record. *See, e.g., Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996); *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994); *see also Southmark Prime Plus, L.P. v. Falzone*, 776 F.Supp. 888, 892 (D. Del. 1991). Administrative Regulations of the CDOC are a matter of public record, and can be found at www.doc.state.co.us/admin_reg/adminreg.htm.

constitutional rights have been violated by actions or incidents involving prison officials, and he failed to use it. His failure to utilize the grievance procedure is fatal to his case. *See Webster v. Kurtz*, Civil Action No. 05-cv-01596, 2006 WL 893606 (D. Colo. 2006).

Further, even if the Court were to liberally construe the Plaintiff's inmate appeals as "grievances," the inmate appeals would not be sufficient to have exhausted his administrative remedies. Courts have differed on what specific information an inmate must include in a grievance to satisfy the exhaustion requirement. *See Thomas v. Woolum*, 337 F.3d 720 (6th Cir. 2003) (inmate must specifically name each individual he intends to sue in his grievance); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002) (a grievance is sufficient if it alerts the prison to the nature of the wrong for which the inmate seeks redress); *Smelzer v. Hook*, 235 F. Supp.2d 736 (W.D. Mich. 2002); *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) (inmate must identify all who are known to have injured him and to provide as much relevant information as reasonably possible in his grievance). These courts differ on the degree of specificity that they require for purposes of exhaustion. However, the Eleventh Circuit, in a very reasoned approach, determined in *Brown* that a prisoner is not barred from bringing suit against persons whom he did not name in his administrative grievance. The court wrote:

> Instead, we conclude that while § 1997e(a) requires that a prisoner provide as much relevant information as he reasonably can in the administrative grievance process, it does not require that he do more than that.

*Id.* at 1207-08; *see also Strong*, 297 F.3d at 649 ("When the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought."); *but see Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001) (Section 1997e(a) requires an inmate to name in his or her grievance each individual whom the inmate intends to sue).

Research fails to reveal a Tenth Circuit ruling on this particular question. However, I am

persuaded that the Tenth Circuit would follow the line of reasoning that is found in such cases as *Brown*, and that the Tenth Circuit would not bar a prisoner's lawsuit for the sole reason that the prisoner failed to specifically identify the constitutional right he alleges to have been violated or name the party against whom he is complaining. The Supreme Court has noted that a major purpose of the exhaustion requirement is to give prison administrators prompt notice of problems, so that they may be corrected internally in the first instance, and so that an administrative record may be developed prior to suit. *See Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The purposes that are outlined by the Supreme Court in *Porter* are furthered by the principles of notice pleading. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) (nature of the claim need only be sketched).

The test provided by the Eleventh Circuit in *Brown* provides sufficient guidance to steer prisoners as well as prison administrators through the procedures of exhaustion. The court held there:

> We hold that 42 U.S.C. § 1997e(a) requires a prisoner to provide in his administrative grievance as much relevant information about his claims, including the identity of those directly involved in the alleged deprivations as the prisoner reasonably can provide. It does not require him to provide information he cannot reasonably obtain, nor does it require him to inform those who will pass on his grievance of the identity of the warden or prison commissioner.

*Brown*, 212 F.3d at 1210; *see also Irvin v. Zamora*, 161 F. Supp.2d 1125, 1134 (S.D. Cal. 2001) (finding that "plaintiff's grievances did present the relevant factual circumstances giving rise to a potential claim and did request the identities of the individuals directly responsible for spraying the insecticide").

Applying these legal principles to the facts presented in this case, however, I conclude that Plaintiff would not have sufficiently exhausted his claims against the Defendants named in this lawsuit. Defendant Broaddus is named as a defendant under Plaintiff's inmate appeals, however, Plaintiff makes no attempt to even broadly identify the other defendants he seeks to hold liable in this Court,

although he would have clearly been aware of who they were at the time of his inmate appeals. *See* COMPLAINT, Docket #3, attch'd Complaint in the Nature of a Writ of Prohibition Pursuant to C.R.C.P. 106(a)(4). Additionally, viewing the inmate appeals filed by the Plaintiff concerning the disciplinary proceedings, he fails in any way to describe the nature of the constitutional violations for which he now seeks relief against the individual Defendants, together with facts or allegations to tie the individuals to the violations. *Id.* Plaintiff failed to place the prison and/or the Defendants on notice of the claims he seeks to bring against these individual Defendants in this Court. The Plaintiff has merely provided evidence of the appeal of his disciplinary conviction, and not evidence of the exhaustion of the constitutional claims set forth in his Complaint. Therefore, he cannot proceed on such claims in this lawsuit.

Finally, even though the Seventh Circuit approach would dictate that the courts look to the state's administrative procedures to determine the sufficiency of a grievance, the procedure in the CDOC states that "[t]he grievance shall be legible and all identifying data shall be properly completed. . . . The grievance shall clearly state the basis for the grievance and the relief requested in the space provided on the form." COLORADO DEPARTMENT OF CORRECTIONS, Administrative Regulations 850-04, at http://www.doc.state.co.us/admin_reg/index_99a.htm. Each inmate in the CDOC receives notification and oral explanation of this procedure. *Id*. The procedure is very detailed, with explicit steps each inmate must follow. *Id.* Plaintiff did not include all identifying data in his inmate appeals because he did not identify the Defendants directly, nor did he provide sufficient information to put these Defendants on notice regarding his claims. Therefore, the Plaintiff would not have exhausted his remedies under the Seventh Circuit approach. The bottom line in this matter is that Plaintiff's claims are unexhausted.

The United States Supreme Court has held that § 1997e(a) makes exhaustion "mandatory" for all "inmate suits about prison life." *Porter*, 534 U.S. at 524, 532 (2002); *see also Booth v.*

*Churner*, 532 U.S. 731 (2001). "Resort to a prison grievance process must precede resort to a court." *Porter*, 534 U.S. at 529. Exhaustion of administrative remedies is required even when the available administrative remedies appear futile, as long as authorities at the administrative level have some authority to take some responsive action. *Booth*, 532 U.S. at 740 ("Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."). Even if the prisoner was confused with regard to the prison grievance system, and understood his claim to be non-grievable, exhaustion is required. *See Steele*, 355 F.3d at 1214. Congress has eliminated the courts' discretion to dispense with administrative exhaustion and to impose any condition that administrative remedies be plain, speedy, and effective. *Booth*, 532 U.S. at 740.

Further, § 1997e(a)'s exhaustion requirement is not an affirmative defense, and cannot be waived by a defendant. *Steele*, 355 F.3d at 1209. Plaintiff's failure to adequately plead exhaustion amounts to a failure to state a claim upon which relief can be granted. *Id*. at 1210. Here, Plaintiff admits he has not attempted to utilize the prison grievance system, and even if he was mistaken in the assumption that the grievance system could not provide him with relief or that his claims could not be presented through the system, his failure to utilize the system cannot be excused. *See Steele*, 355 F.3d at 1214.

Moreover, a prisoner "may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them and since he may now be time barred from pursuing them, they are exhausted by default." *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002). If Plaintiff should now attempt to rectify his failure to exhaust his administrative remedies by submitting grievances through the proper procedures in this regard, they would most likely be barred as untimely. The Tenth Circuit has held that "[a] prison procedure that is procedurally barred and thus is unavailable to a prisoner is not thereby considered exhausted. Regardless of whether a prisoner goes through the formality of submitting a time-barred grievance, he may not successfully

argue that he had exhausted his administrative remedies. . . ." *Ross v. County of Bernalillo*, 365 F.3d 1181, 1186 (10th Cir. 2004). As the federal appellate court has concluded, "[a]llowing prisoners to proceed to federal court simply because they have filed a time-barred grievance would frustrate the PLRA's" policy goals. *Id.*

Accordingly, Plaintiff has clearly not exhausted his administrative remedies with regard to his claims of due process violation alleged in his Second Amended Complaint. Additionally, on the facts alleged, allowing the Plaintiff an opportunity to amend his pleading in this regard would be futile. In *Ross*, as argued by the Defendants, the Tenth Circuit applied a total exhaustion rule, stating that if a prisoner files a complaint which contains one or more unexhausted claims, "the district court ordinarily must dismiss the entire action without prejudice." *Ross,* 365 F.3d at 1190. Plaintiff has not administratively exhausted the due process claims against Defendants which he brings in this lawsuit. Accordingly, dismissal of this action, without prejudice, for failure to exhaust administrative remedies as directed by *Ross* is warranted and consideration of the Defendants' remaining arguments for dismissal unnecessary.

## CONCLUSION

Based upon the foregoing, and the pleadings on file herein, it is hereby **recommended** that the Defendants' Motion to Dismiss [Filed June 8, 2005; Docket #15] be **granted** in part with regard to the issue of exhaustion and **denied** in part as moot with regard to their remaining arguments. It is further **recommended** that this action be dismissed in its entirety without prejudice, based upon Plaintiff's failure to exhaust his administrative remedies.

Dated at Denver, Colorado, this 8th day of August, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge